UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE BULLDOG, INC., | § | CIVIL ACTION NO.: 23-CV-3152 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE |
| | § | |
| STARR SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | MAGISTRATE JUDGE |
| Defendant. | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S NOTICE OF REMOVAL

Subject to and without waiver of any and rights and/or defenses available to Defendant Starr Surplus Lines Insurance Company ("Starr") under applicable statute and/or applicable law, including (without limitation) Starr's right to assert any defenses or responsive matters available to it under Federal Rule of Civil Procedure 12(b) and/or 28 U.S.C. § 1404, Starr files this Notice of Removal under 28 U.S.C. § 1446(a) and respectfully states:

## I.
## INTRODUCTION

1. Plaintiff is The Bulldog, Inc. ("Bulldog" or "Plaintiff") and Defendant is Starr Surplus Lines Insurance Company.

2. Plaintiff commenced this lawsuit on October 28, 2022, by filing Plaintiff's Petition for Damages ("Petition") in the Civil District Court for The Parish of Orleans, State of Louisiana, No. 2022-10056, Division G, Section 11. (See Exhibit A, Petition and Citation Pages.)

3. Starr was served with suit through its statutory agent the Louisiana Secretary of State on November 29, 2022. (See Exhibit B, Service Documents.)  The Secretary of State forwarded the Petition and citation to CT Corporation System, Starr's registered agent on November 30, 2022, which was received by CT Corporation System on December 2, 2022. (See Exhibit B. p. 1-3).

4. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this District.

## II.
## BASIS FOR REMOVAL

5. 28 U.S.C. Section 1332(a) permits removal of a state court action to federal district courts where: (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000. This case satisfies both conditions.

### A.   Citizenship of the Parties

6. Plaintiff is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

7. Defendant Starr Surplus Lines Insurance Company is incorporated in Texas, with its principal place of business in New York.

8. Because Plaintiff is a citizen of Louisiana and Starr is a citizen of Texas and New York, complete diversity of citizenship exists between the Plaintiff and Starr.

### B.   Amount in Controversy

9. Under § 1332(a), diversity subject matter jurisdiction requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."  That requirement is easily met here.  To determine whether the amount in controversy is satisfied, this Court must look to the complaint at the time it was filed.  The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, (5th Cir.

2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

10. When a sufficient amount in controversy is not apparent from the pleadings, the removing party must establish by a preponderance of the evidence that the jurisdictional amount is met.

11. This lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by Starr to Plaintiff for property damage from Hurricane Zeta, as well as damages to business personal property. By way of its claims in this lawsuit, Plaintiff alleges breach of contract, bad faith, violations of La. R.S. § 22:1892, and violations of La. R.S. § 22:1973, and seeks a monetary judgment for the full amount of the losses which make up the hurricane claim submitted by Bulldog, along with bad faith damages, attorney's fees, and mental anguish. (Exhibit A, Petition at p. 5 ¶ 14).

12. Starr denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is beyond dispute that Plaintiff's claims under the policy, Louisiana statue, and at law exceed $75,000, exclusive of interest and costs. While the amount in dispute was not facially apparent from Plaintiff's petition, Plaintiff produced an estimate on July 7, 2023, for damages in the amount of $728,129.29. Starr files this Notice of Removal within 30 days of receiving the demand, and within one year of the commencement of this action. 28 U.S.C.A. § 1446(c).

### III.
### CONCLUSION

13. As required by 28 U.S.C. § 1446(a), all pleadings, process, orders, and other filings in the state court action are attached to this Notice of Removal as Exhibit A. The service

documents related to the service of the Petition by Starr's statutory agent, the Louisiana Secretary of State, to Starr's registered agent for service of process, CT Corporation System, are attached to this Notice of Removal as Exhibit B.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice of Removal, Starr will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

15. The listing required pursuant to 28 U.S.C. § 1447(b) is also filed herewith following the certificate of service.

WHEREFORE, Defendant Starr Surplus Lines Insurance Company hereby provides notice that this action is duly removed from the Civil District Court for The Parish of Orleans, State of Louisiana, No. 2022-10056, Division G, Section 11, to the United States District Court for the Eastern District of Louisiana, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Charles C. Chassaignac, IV*
Charles L. Chassaignac, IV, (#24441)
Emily S. Morrison (#18351)
**PORTEOUS, HAINKEL & JOHNSON, LLP**
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: 225-383-8900
Facsimile: 866-920-3403
cchassaignac@phjlaw.com
emorrison@phjlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 4, 2023, a copy of the foregoing was filed electronically with the clerk of court using the CM/ECF system and served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

    David P. Vicknair (#34135) (By Email)
    david@svlaw.law
    Hope E. Hughes (#35833) (By Email)
    hughges@svlaw.law
    SCOTT VICKNAIR, LLC
    909 Poydras Street, Suite 2025
    New Orleans, LA  70112
    Telephone:   504-500-1111
    Facsimile:   504-226-2339
    ***Attorneys for Plaintiff The Bulldog, Inc.***

    Ms. Chelsey R. Napoleon (By E-filing)
    Clerk of Court
    Orleans Civil Parish District Court

                            */s/ Charles L. Chassaignac, IV*
                            Charles L. Chassaignac, IV