**ATTORNEY'S NAME:**   Hughes, Hope E 35833
**AND ADDRESS:**   909 Poydras Street Suite 1100, New Orleans, LA 70112

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| NO: 2022-10056 | DIVISION: G | SECTION: 11 |
|---|---|---|

### THE BULLDOG, INC.

**Versus**

### STARR SURPLUS LINES INSURANCE COMPANY

SERVED ON
R. KYLE ARDOIN

NOV 29 2022

### CITATION

SECRETARY OF STATE
COMMERCIAL DIVISION

TO:   STARR SURPLUS LINES INSURANCE COMPANY

THROUGH:   ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE

8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay
provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for
your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts
Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA November 3, 2022

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
by *Tayler Williams*
**Tayler Williams, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON STARR SURPLUS LINES INSURANCE COMPANY | ON STARR SURPLUS LINES INSURANCE COMPANY |
| THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE | THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating HIM/HER the said STARR SURPLUS LINES INSURANCE COMPANY |
| Mileage: $ _____ | being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER          RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.      DEPUTY      PARISH | |

STATE COURT PLEADINGS EXHIBIT A  PAGE 1

Civil Code of Procedures

Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

STATE COURT PLEADINGS EXHIBIT A  PAGE 2



F I L E D

OCT 28 2022

CLERK'S OFFICE
CIVIL DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO. 2022 - 10056

DIVISION " "

### THE BULLDOG, INC.

### VERSUS

### STARR SURPLUS LINES INSURANCE COMPANY

FILED:_____

**DEPUTY CLERK**

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, THE BULLDOG, INC., a corporation having its principal place of business in the Parish of Orleans, State of Louisiana, who respectfully asserts as follows:

1.

Made Defendant herein is STARR SURPLUS LINES INSURANCE COMPANY (hereinafter "STARR"), a foreign insurer authorized to do business in the Parish of Orleans, State of Louisiana.

2.

Jurisdiction and venue are proper in this Court based on the object and amount in dispute and the action complained of relating to an insurance contract on real property in Orleans Parish, State of Louisiana.

3.

In or around 1996, Plaintiff acquired the property located at 1019 Pleasant Street, New Orleans, Louisiana 70115 (the "Property").

4.

Plaintiff and Defendant entered into a contract of insurance, whereby Plaintiff agreed to make cash payments to Defendant in exchange for Defendant's promise to compensate the Plaintiff for losses, including, but not limited to, building damage and business personal property losses, at the Property.

1

5.

On or about October 28, 2020, Orleans Parish, State of Louisiana was affected by Hurricane Zeta, which caused catastrophic damage throughout the region.

6.

Due to Hurricane Zeta, the Property experienced significant damage, including, but not limited to, roof and interior water damage.

·7.

On or about December 21, 2020, Plaintiff notified its commercial property insurance carrier, STARR, of the damages to the Property as a result of Hurricane Zeta and the need for necessary repairs that were covered under its Insurance Policy ("the Policy").

8.

On or about January 12, 2021, an adjuster or representative of STARR visited the Property and conducted an inspection. At the time of the inspection, the adjuster surveyed the Property and made note of the extensive damage to the Property.

9.

Despite having documented severe damage to the Property, on February 24, 2021, STARR noted a $600.00 repair for damage to an ice and water shield and a metal ridge cap which was covered under the Policy, but denied coverage for the remaining damages, claiming the damage was the result of long-term deterioration, wear and tear, and failure to adequately maintain the property and make repairs, not hurricane force winds.

10.

The Policy sued upon provided property and business personal property coverage between the period of February 1, 2020 and February 1, 2021.

11.

Plaintiff has faithfully paid the policy premiums to Defendant to specifically provide coverage in the event of property damage, business personal property losses and extra expenses caused by a hurricane.

2

12.

Despite receiving satisfactory proof of loss, STARR has failed to pay Plaintiff's claim within the time limits provided by LA R.S. 22:1973 and LA R.S. 22:1892 for its losses covered by its Policy.

13.

Defendant's denial of Plaintiff's claim and failure to make an appropriate unconditional tender despite having received sufficient proof of loss is in bad faith, arbitrary, capricious and without probable cause.

14.

Accordingly, STARR is liable unto Plaintiff as follows;

    a)  Failing to timely initiate a loss adjustment in violation of La. R.S. § 22:1892;

    b)  Failing to make a written offer to settle Plaintiff's claims within thirty days after receipt of satisfactory proofs of loss of the claim, in violation of La. R.S. § 22:1892;

    c)  Misrepresenting pertinent facts relating to coverages at issue, in violation of La. R.S. §§ 22:1973 and 22:1892;

    d)  Failing to pay the amount of a claim due within an appropriate time after receipt of satisfactory proof of loss arbitrarily, capriciously, or without probable cause, in violation of La. R.S. §§ 22:1973 and 22:1892;

    e)  Breach of contract; and

    f)  Any other bad faith or breach of contract that may be proven at a trial.

15.

As a result, Defendant is answerable to the Plaintiff for the following damages:

    a)  Damages to building;

    b)  Damages to business personal property;

    c)  Bad faith damages;

    d)  Reasonable attorney's fees and costs;

    e)  Past and present mental anguish and emotional distress; and

3

f) All other damages as may be shown at the trial of this matter.

**WHEREFORE**, Plaintiff, THE BULLDOG, INC., prays that Defendant, STARR SURPLUS LINES INSURANCE COMPANY, be served with process of this Petition for Damages and duly cited to answer same, that after all delays and due proceedings are complete there be judgment in favor of Plaintiff and against Defendant for the full amount of Plaintiff's damages, plus legal interest from the date of judicial demand until paid, bad faith damages, together with attorney's fees, all costs incurred in this matter, and any other general or equitable relief the Court deems proper.

Respectfully submitted,

DAVID P. VICKNAIR, #34135
HOPE E. HUGHES, #35833
Scott Vicknair, LLC
909 Poydras St., Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
hughes@svlaw.law

*Attorneys for Plaintiff*

***Email addresses for service:***
service@svlaw.law and hughes@svlaw.law

**PLEASE SERVE:**

STARR SURPLUS LINES INSURANCE COMPANY
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

4

**STATE COURT PLEADINGS EXHIBIT A  PAGE 6**

FILED

2023 JAN 03  P 03:44

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022-10056                                                  DIVISION: "11"

**THE BULLDOG, INC.**

**versus**

**STARR SURPLUS LINES INSURANCE COMPANY**

FILED: _____         _____

                                                            **DEPUTY CLERK**

**DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S
ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE**

Subject to and without waiver of any and all rights or defenses available to it under the insurance policy made the basis of this suit or at law, including without limitation the policy's choice of venue provision mandating that the parties irrevocably submit to the exclusive jurisdiction of New York state and federal courts, comes now, Defendant Starr Surplus Lines Insurance Company ("Starr" or "Defendant"), through undersigned counsel and files its Answer and Defenses to Plaintiff's Petition for Damages subject to Starr's Motion to Transfer Venue and in support of same, states as follows:

Answering the severally numbered paragraphs of the petition of Plaintiff, The Bulldog, Inc., Starr respectfully avers as follows:

**DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES**

The allegations in the unnumbered paragraph of Plaintiff's Petition for Damages (the "Petition") require no response from Defendant.

1.     Defendant admits allegations in paragraph 1 of Plaintiff's Petition.

2.     The jurisdictional and venue allegations in paragraph 2 of Plaintiff's Petition are legal conclusions. Accordingly, no response is required by Defendant. To the extent a response is deemed required, Defendant denies the allegations in paragraph 2 of Plaintiff's Petition as Policy SLSTPTY11261220 (the "Policy") contains a Choice of Law and Choice of Venue provision mandating that suit be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York.

3.     Defendant is without sufficient knowledge to admit or deny the facts contained in paragraph 3 of Plaintiff's Petition.

**VERIFIED**

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE
4856-1995-4756v1

Jovah Gibson
Page

E-Filed                                                    2023 JAN 04  A 11:45
STATE COURT PLEADINGS EXHIBIT A PAGE 7

FILED

2023 JAN 03  P 03:44

CIVIL
DISTRICT COURT

4.      Defendant admits it issued the Policy to Plaintiff, with effective dates of coverage from February 1, 2020 to February 1, 2021, subject to the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy.  The Policy speaks for itself as to the coverage it provides, as well as the terms, conditions, limitations, and exclusions of said coverage, and any allegations inconsistent therewith are denied.  Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Petition.

5.      Defendant admits that Hurricane Zeta affected Orleans Parish, State of Louisiana on or about October 28, 2020.  Defendant denies all remaining allegations in paragraph 5 of Plaintiff's Petition.

6.      Defendant denies the allegations in paragraph 6 of Plaintiff's Petition.

7.      Defendant admits that Plaintiff filed a claim under the Policy for damages allegedly related to Hurricane Zeta.  Defendant denies all remaining allegations in paragraph 7 of Plaintiff's Petition.

8.      Defendant admits its Independent Adjuster, Sedgwick, and third-party engineering firm Madsen Kneppers & Associates conducted an inspection of the Property.  Defendant denies all remaining allegations in paragraph 8 of Plaintiff's Petition.

9.      Defendant admits that Starr identified approximately $600.00 in damages to an ice and water shield and a metal ridge cap at the Property attributable to Hurricane Zeta.  Defendant admits that based on Madsen Kneppers & Associates Hurricane Damage Assessment Report finding long-term deterioration, wear and tear, and failure to adequately maintain the Property and make repairs, it denied Plaintiff's claim for damages caused by these excluded causes of loss.  Defendant denies all remaining allegations in paragraph 9 of Plaintiff's Petition.

10.     Defendant admits the Policy had effective dates of coverage from February 1, 2020 to February 1, 2021, subject to the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy.  The Policy speaks for itself as to the coverage it provides, as well as the terms, conditions, limitations, and exclusions of said coverage, and any allegations inconsistent therewith are denied.

11.     Defendant admits that Plaintiff paid its premiums for the Policy.  The Policy speaks for itself as to the coverage it provides, as well as the terms, conditions, limitations, and exclusions of said coverage, and any allegations inconsistent therewith are denied.  Defendant denies all remaining allegations in paragraph 11 of Plaintiff's Petition.

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE                                                          Page 2
4856-1995-4756v1

E-Filed

STATE COURT PLEADINGS EXHIBIT A  PAGE 8

FILED
2023 JAN 03  P 03:44
CIVIL
DISTRICT COURT

12.    Defendant denies the allegations in paragraph 12 of Plaintiff's Petition.

13.    Defendant denies the allegations in paragraph 13 of Plaintiff's Petition.

14.    Defendant denies the allegations in paragraph 14 of Plaintiff's Petition.

15.    Defendant denies the allegations in paragraph 15 of Plaintiff's Petition.

## PRAYER

No response is required to the un-numbered prayer for relief following paragraph 15 of Plaintiff's Petition. However, to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any judgment against or recovery from Defendant in this lawsuit, including (without limitation) economic damages, interest, bad faith damages, attorneys' fees, court costs, and other unspecified relief referenced in the un-numbered prayer for relief following paragraph 15 of Plaintiff's Petition.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted.

### Second Defense

Plaintiff's claims are subject to the "Choice of Law and Choice of Venue" provision of the Policy, which dictates that any suit, action, or proceeding must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York, and that the laws of the State of New York shall solely and exclusively be used end applied in any such suit, action, or proceeding.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, limitations, exclusions, and deductibles contained in the Policy, including (without limitation) the terms, conditions, limitations, and deductibles set forth and/or referenced in the Policy.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's claimed right of recovery under the Policy is subject to the applicable deductible(s) specified in the Policy. Moreover, Plaintiff's recovery under the Policy, if any, must be offset and reduced by said deductible(s).

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE                                                                Page 3
4856-1995-4756v1

E-Filed

STATE COURT PLEADINGS EXHIBIT A  PAGE 9

#### *Fifth Defense*

Plaintiff's claims are barred, in whole or in part, by the Policy's provision prohibiting legal action against Defendant under the Policy unless the insured(s) have fully complied with all terms of the Policy.

#### *Sixth Defense*

Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the applicable coverage period (as required by the Policy).

#### *Seventh Defense*

Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a covered cause of loss (as required by the Policy).

#### *Eighth Defense*

Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding deterioration, depletion, inherent vice, latent defect, wear and tear, rust, or corrosion.

#### *Ninth Defense*

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to satisfy all conditions precedent to the recovery they seek in this lawsuit.

#### *Tenth Defense*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the Property from further damage. Plaintiff's recovery under the Policy must be offset and reduced accordingly.

#### *Eleventh Defense*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff and/or omissions of third parties over whom Defendant has and/or had no control.

#### *Twelfth Defense*

Plaintiff's claims are barred, in whole or in part, by the Policy's Pre-Existing Damage Exclusion.

#### *Thirteenth Defense*

Plaintiff's claims are barred, in whole or in part, by the Policy's Roof Limitation Endorsement.

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE                                                                    Page 4
4856-1995-4756v1

E-Filed

STATE COURT PLEADINGS EXHIBIT A  PAGE 10

### *Fourteenth Defense*

To the extent Plaintiff's Petition may be construed to seek statutory penalties, punitive damages, and/or exemplary damages in this lawsuit, any claim(s) for such damages are unconstitutional and violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

### *Fifteenth Defense*

Starr adjusted Plaintiff's claim in good faith, and in accordance with the terms and conditions of the applicable insurance policy, and in compliance with applicable statutory jurisprudential law.

### *Sixteenth Defense*

Plaintiff has no statutory or jurisprudential right of action to recover attorney's fees or penalties under the facts of this case.

### *Seventeenth Defense*

The petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

Defendant further reserves the right to assert additional defenses as this litigation proceeds.

### **DEFENDANT'S RESERVATION OF RIGHTS**

By appearing and answering herein, Defendant does not waive, and expressly reserves, all rights and defenses that it may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendant may have (or that may arise) under the Policy and/or applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant Starr Surplus Lines Insurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all

FILED

2023 JAN 03  P 03:44

CIVIL
DISTRICT COURT

costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may

be justly entitled, whether at law or in equity.

Respectfully submitted,

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**EMILY S. MORRISON (#18351)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone:  (225) 383-8900
Facsimile: (866) 920-3403
cchassaignac@phjlaw.com
emorrison@phjlaw.com
**ATTORNEYS  FOR  STARR  SURPLUS**
**LINES INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all

counsel of record by electronic filing, electronic means, hand delivery, or by mailing same by

United States Mail, properly addressed and first class postage prepaid, on January 3, 2023.

CHARLES L. CHASSAIGNAC, IV

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE                                                                    Page 6
4856-1995-4756v1

E-Filed

**STATE COURT PLEADINGS EXHIBIT A  PAGE 12**

FILED
2023 JAN 03  P 03:44
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022-10056                                                                DIVISION: "11"

**THE BULLDOG, INC.**

**versus**

**STARR SURPLUS LINES INSURANCE COMPANY**

FILED: _____          _____

**DEPUTY CLERK**

### REQUEST FOR WRITTEN NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, **STARR SURPLUS**

**LINES INSURANCE COMPANY**, hereby request written notice of the date set for trial of the

above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein,

at least ten (10) days before any trial. We also request notice of the signing of any final Judgment

or the rendition of any interlocutory order or Judgment in said cause as provided by Article 1913

and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**EMILY S. MORRISON (#18351)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-8900
Facsimile: (866) 920-3403
cchassaignac@phjlaw.com
emorrison@phjlaw.com
**ATTORNEYS FOR STARR SURPLUS**
**LINES INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all

counsel of record by electronic filing, electronic means, hand delivery, or by mailing same by

United States Mail, properly addressed and first class postage prepaid, on January 3, 2023.

CHARLES L. CHASSAIGNAC, IV

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S ANSWER AND DEFENSES SUBJECT TO MOTION TO TRANSFER VENUE
BASED ON MANDATORY FORUM-SELECTION CLAUSE                                                      Page 7
4856-1995-4756v1

E-Filed

**STATE COURT PLEADINGS EXHIBIT A  PAGE 13**

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022-10056                                     DIVISION: "G"
                                                   **SECTION 11**

**THE BULLDOG, INC.**

versus

**STARR SURPLUS LINES INSURANCE COMPANY**

FILED: _____     _____

                                                   **DEPUTY CLERK**

### DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO REQUESTS FOR ADMISSION

NOW INTO COURT, through undersigned counsel, comes Starr Surplus Lines Insurance Company ("Starr" or "Defendant") who moves this Honorable Court to issue an Order compelling Plaintiff The Bulldog, Inc. ("Plaintiff") to provide certain information requested in the Requests for Admission previously propounded to Plaintiff for the reasons that follow:

1.

Plaintiff filed suit on October 28, 2022 against its commercial insurance carrier, Starr, concerning roof and interior water damage to its restaurant and bar business as a result of Hurricane Zeta, which occurred on October 28, 2020. (Exhibit A Petition p.1-5). Plaintiff alleges that Starr failed to make appropriate tenders to Plaintiff for damages from Hurricane Zeta in breach of the insurance contract. Plaintiff also asserts extra-contractual claims against Starr. (Exh. A. Petition ¶ 12-15). The petition alleges damage to both the building and personal property, and seeks bad faith penalties and attorneys' fees, as well as damage for mental anguish and emotional distress (*Id.*) The amount in controversy between the parties is not facially apparent from the petition.

2.

Two Requests for Admission ("Requests") were propounded to Plaintiff on February 2, 2023. (*See Exhibit B* Requests for Admission p. 1-2). The purpose of the Requests was to determine whether this matter is removable to the United States District Court for the Eastern District of Louisiana. The Requests simply ask Plaintiff to admit or deny that the damages arising from the causes of action set forth in the petition exceed $75,000, exclusive of interest and costs, and inclusive of all actual damages including statutory penalties and attorneys' fees. (*Id.*)

**VERIFIED**

3.

On March 3, 2023, Plaintiff responded to the Requests. (Exhibit A, Response to Request for Admission p. 3-4). In its response, Plaintiff objected to the Requests setting forth, in part, that the Requests were "[s]peculative and to the extent that it seeks an opinion that it is not qualified to give. It is up to the trier of fact to determine the value of the case, special damages, and general damages." (Exhibit B p. 3-4).

4.

Counsel for Starr set a Rule 10.1 conference for April 21,2023.  The required conference took place between the parties on May 3, 2023, with counsel for Starr Emily Morrison and counsel for Plaintiff Hope Hughes participating in same. (Exhibit C. Emails dated April 14, 2023, April 28, 2023, May 3, 2023).

5.

Plaintiff's counsel explained that Plaintiff did not know at the present time, and would not know the amount of damages sustained by Plaintiff until she received a report from the retained public adjuster who is "backed up" in preparing estimates and reports of damage.  Counsel could not advise when such a report would be available or any information as to the value of damages.

6.

As such, Starr is required to file this Motion to Compel and seeks a Court order requiring Plaintiff to provide full and complete responses to Starr's jurisdictional discovery so as to determine whether this matter may be removed to Federal court. Starr also seeks attorneys' fees and court costs in the filing of this Motion to Compel.

WHEREFORE, Starr Surplus Lines Insurance Company prays that Plaintiff, The Bulldog Inc., be compelled to provide a substantive response by a date certain pursuant to the Louisiana Code of Civil Procedure Article 1469 to the Requests for Admission and be ordered to pay reasonable attorneys' fees and costs incurred in bringing this rule and the motion to compel filed in this matter.

Respectfully submitted,

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**EMILY S. MORRISON (#18351)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802

FILED

2023 JUN 12  P 03:22

CIVIL

DISTRICT COURT

Telephone: (225) 383-8900
cchassaignac@phjlaw.com
emorrison@phjlaw.com
**Attorneys For Starr Surplus Lines Insurance**
**Company**

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all

counsel of record by electronic filing, electronic means, hand delivery, or by mailing same by

United States Mail, properly addressed and first class postage prepaid, on June 12, 2023.

_____

CHARLES L. CHASSAIGNAC, IV

E-Filed                                    STATE COURT PLEADINGS EXHIBIT A  PAGE 16

FILED

2023 JUN 12   P 03:22

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022-10056                                      DIVISION: "G"
                                                    SECTION 11

**THE BULLDOG, INC.**

versus

**STARR SURPLUS LINES INSURANCE COMPANY**

FILED: _____   _____
                                        **DEPUTY CLERK**

## RULE TO SHOW CAUSE

**IT IS HEREBY ORDERED t**hat Plaintiff, The Bulldog, Inc., be ordered to show cause

on the ____ day of _____, 2023, at _____ __.m., why it should not be

compelled to provide full, complete responses to the Requests for Admission propounded by Starr

Surplus Lines Insurance Company, and further why it should not be ordered to pay reasonable

attorneys' fees and expenses incurred in the bringing of this rule.

NEW ORLEANS, LOUISIANA, this _____ day of _____, 2023.


                                      _____
                                      **JUDGE RICHARD PERQUE**
                                      **CIVIL DISTRICT COURT**
                                      **PARISH OF ORLEANS DIVISION G**


PLEASE SERVE:
Motion, Memorandum and Exhibits on

**Plaintiff The Bulldog, Inc.,**
Through counsel of record
David P. Vicknair
Hope E. Hughes
Scott Vicknair, LLC
909 Poydras Street, Stuie 2025
New Orleans, LA 70112
(504) 500-1111

FILED

2023 JUN 12  P 03:22

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022-10056

**DIVISION: "G"**
**SECTION 11**

**THE BULLDOG, INC.**

**versus**

**STARR SURPLUS LINES INSURANCE COMPANY**

FILED: _____     _____

                                              **DEPUTY CLERK**

### CERTIFICATE OF COMPLIANCE WITH RULE 10.1

Mover's counsel scheduled a Rule 10.1 telephone discovery conference with counsel for

Plaintiff, The Bulldog, Inc. Plaintiff's counsel Hope Hughes participated in the May 3, 2023, Rule

10.1 Conference with Starr Counsel Emily Morrison. Counsel Hope Hughes advised she did not

know when the public adjuster's report of damages would be complete which she needs to

ascertain the monetary value of the damages claimed. To date, the public adjuster's report, and

updated responses to request for admissions have not been provided.

    This 12th day of June, 2023

                                      Respectfully submitted,

                                      **CHARLES L. CHASSAIGNAC, IV (#20746)**
                                      **EMILY S. MORRISON (#18351)**
                                      Porteous, Hainkel & Johnson, L.L.P.
                                      301 St. Charles Street
                                      Baton Rouge, LA 70802
                                      Telephone: (225) 383-8900
                                      cchassaignac@phjlaw.com
                                      emorrison@phjlaw.com
                                      **Attorneys For Starr Surplus Lines Insurance**
                                      **Company**

### CERTIFICATE OF SERVICE

    I do hereby certify that I have served a copy of the above and foregoing pleading on all

counsel of record by electronic filing, electronic means, hand delivery, or by mailing same by

United States Mail, properly addressed and first class postage prepaid, on June 12, 2023.

                                      CHARLES L. CHASSAIGNAC, IV

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO
REQUESTS FOR ADMISSION                                             5

FILED

2023 JUN 12  P 03:22

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022-10056                                           **DIVISION: "G"**
                                                        **SECTION 11**


**THE BULLDOG, INC.**

**versus**

**STARR SURPLUS LINES INSURANCE COMPANY**


FILED: _____    _____

                                              **DEPUTY CLERK**

### DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL MORE COMPLETE RESPONSES TO REQUESTS FOR ADMISSION

Defendant Starr Surplus Lines Insurance Company ("Starr" or "Defendant") propounded two (2) Requests for Admission to Plaintiff, The Bulldog, Inc., ("Plaintiff"). The Requests for Admission ("Requests") seek to ascertain the value of Plaintiff's claimed damages to determine whether this matter is removable to the United States District Court for the Eastern District of Louisiana as there is diversity of citizenship between Plaintiff and Defendant. Plaintiff filed suit on October 28, 2022, against its commercial insurance carrier, Starr, for damages allegedly sustained as a result of Hurricane Zeta on October 28, 2020. (Exhibit A Petition).  The petition alleges that the property "experienced significant damage, including, but not limited to, roof and interior water damage." (Id. at ¶6).  Plaintiff owns a restaurant and bar located in Uptown New Orleans on Magazine Street. Plaintiff alleges that Starr failed to make appropriate tenders to Plaintiff for damages from Hurricane Zeta in breach of the insurance contract.  Plaintiff also asserts extra-contractual claims against Starr. (Exh. A. Petition ¶ 12-15)

In addition to claiming damage to the building and personal property, Plaintiff seeks bad faith penalties and attorneys' fees, as well as damages for mental anguish and emotional distress. The amount in controversy between the parties is not facially apparent from the petition, (Exh. A. Petition).  Likewise, the amount in controversy is not ascertainable from documents submitted to Starr in support of Plaintiff's claim.

The Requests for Admission ("Requests") were propounded to Plaintiff on February 2, 2023. (*See Exhibit B* Request for Admission p. 1-2). The Requests and Plaintiff's responses are reproduced below as follows:

## REQUEST FOR ADMISSION NO. 1

Admit or deny that the amount of your cause of action (or causes of action, if more than one) against Starr in your Petition for Damages filed on or about October 28, 2022, exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

### ANSWER TO REQUEST FOR ADMISSION NO. 1:

Plaintiff objects to this Request for Admission No. 1 as speculative and to the extent it seeks an opinion that it is not qualified to give. It is up to the trier of fact to determine the value of the case, special damages, and general damages. Plaintiff further objects to this Request Admission No. 1 as premature. Discovery is ongoing and Plaintiff's damages are not capable of being itemized in full at this time. Subjection to and without waiving the foregoing objections, denied as written.

## REQUEST FOR ADMISSION NO. 2

Admit or deny that the total amount in controversy in this case exceeds the sum or value of seventy-five thousand dollars ($75,000.00), inclusive of all actual damages, exemplary damages, statutory penalties, and attorney's fees, exclusive of costs and judicial interest.

### ANSWER TO REQUEST FOR ADMISSION NO. 2:

Plaintiff objects to this Request for Admission No. 2 as speculative and to the extent it seeks an opinion that it is not qualified to give. It is up to the trier of fact to determine the value of the case, special damages, and general damages.

Plaintiff further objects to this Request Admission No. 2 as premature. Discovery is ongoing and Plaintiff's damages are not capable of being itemized in full at this time. Subjection to and without waiving the foregoing objections, denied as written.

(Exhibit B. Request for Admissions and Responses. P. 1-4).

Counsel for Starr set a Rule 10.1 conference for April 21,2023. The required conference took place between the parties on May 3, 2023, with counsel for Starr, Emily Morrison, and counsel for Plaintiff, Hope Hughes, participating. (Exhibit C. Emails dated April 14, 2023, April 28, 2023, May 3, 203). During the phone conference, Plaintiff's counsel explained that Plaintiff

did not know and would not know the amount of damages sustained by Plaintiff until counsel received a report from the retained public adjuster who is "backed up" in preparing estimates and reports of damage.  Counsel could not advise when such a report would be available. Moreover, counsel for Plaintiff could not provide any information as to the value of damages claimed in other causes of action that will not be determined by the public adjuster, such as contents and personal property loss. Surely Plaintiff, a commercial establishment can, at this point 2.5 years after the loss, calculate how many bottles of liquor, cups, and napkins, etc., sustained damage from interior water leaks and the amount to replace these items.

As set forth in Starr's answer to the petition, the insurance policy at issue contains a choice of law and venue provision mandating that suit against Starr be brought solely and exclusively in a New York state court or a federal district court within the State of New York. (See Record, Starr's Answer at ¶2).  The purpose of the Requests was to determine whether this matter can be removed to Federal court.  A case can only be removed to Federal court within one year from the date of filing of the lawsuit, which in this case was October 28, 2022.  Federal district courts in the Eastern District of Louisiana have held that denying "for lack of information," a request for admission that the amount in controversy did not exceed $75,000 was insufficient to establish amount in controversy in *Hingle vs. Scottsdale Ins. Co.*, No. 08-5079, 2009 WL 361140, at \*1 (E.D. La. Feb. 11, 2009) (Vance, J.). *See also Ingram v. Glob. Hawk Ins. Co.,* No.14-0777, 2014 WL 2739459, at \*4 (E.D. La. June 17, 2014 (Berrigan, J. finding that plaintiff's equivocal response to defendant's request for admission was insufficient to establish that the amount in controversy requirement was met.). Given that Starr did not receive any type of damage estimates, invoices, repair receipts, etc. from Plaintiff during the adjustment of the claim, and had not received any type of demand or documentation since that time, Starr seeks more information on damages through the Requests.

Plaintiffs' petition does not contain an allegation, as required by La. Code of Civil Procedure Article 893 A. (1), that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required." Starr asks this Court to order Plaintiff to provide a response to the Requests and either admit or deny that its damages fall below or exceed the $75,000 amount necessary to establish Federal jurisdiction so it can determine, prior to October 28, 2023, whether this matter may be removed to Federal court.  Starr further seeks an

FILED

2023 JUN 12  P 03:22

CIVIL
DISTRICT COURT

order requiring Plaintiff to pay the costs and attorneys' fees associated with the filing of this

Motion to Compel.

Respectfully submitted,

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**EMILY S. MORRISON (#18351)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-8900
cchassaignac@phjlaw.com
emorrison@phjlaw.com
***Attorneys For Starr Surplus Lines Insurance***
***Company***

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all

counsel of record by electronic filing, electronic means, hand delivery, or by mailing same by

United States Mail, properly addressed and first class postage prepaid, on June 12, 2023.

CHARLES L. CHASSAIGNAC, IV



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022 - 10056

DIVISION " "

THE BULLDOG, INC.

VERSUS

STARR SURPLUS LINES INSURANCE COMPANY

FILED:_____          _____

                                          DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, THE BULLDOG, INC., a corporation having its principal place of business in the Parish of Orleans, State of Louisiana, who respectfully asserts as follows:

1.

Made Defendant herein is STARR SURPLUS LINES INSURANCE COMPANY (hereinafter "STARR"), a foreign insurer authorized to do business in the Parish of Orleans, State of Louisiana.

2.

Jurisdiction and venue are proper in this Court based on the object and amount in dispute and the action complained of relating to an insurance contract on real property in Orleans Parish, State of Louisiana.

3.

In or around 1996, Plaintiff acquired the property located at 1019 Pleasant Street, New Orleans, Louisiana 70115 (the "Property").

4.

Plaintiff and Defendant entered into a contract of insurance, whereby Plaintiff agreed to make cash payments to Defendant in exchange for Defendant's promise to compensate the Plaintiff for losses, including, but not limited to, building damage and business personal property losses, at the Property.

1

STATE COURT PLEADINGS EXHIBIT A PAGE 23

2023 JUN 12   P 03:22
CIVIL
DISTRICT COURT

5.

On or about October 28, 2020, Orleans Parish, State of Louisiana was affected by Hurricane Zeta, which caused catastrophic damage throughout the region.

6.

Due to Hurricane Zeta, the Property experienced significant damage, including, but not limited to, roof and interior water damage.

·7.

On or about December 21, 2020, Plaintiff notified its commercial property insurance carrier, STARR, of the damages to the Property as a result of Hurricane Zeta and the need for necessary repairs that were covered under its Insurance Policy ("the Policy").

8.

On or about January 12, 2021, an adjuster or representative of STARR visited the Property and conducted an inspection. At the time of the inspection, the adjuster surveyed the Property and made note of the extensive damage to the Property.

9.

Despite having documented severe damage to the Property, on February 24, 2021, STARR noted a $600.00 repair for damage to an ice and water shield and a metal ridge cap which was covered under the Policy, but denied coverage for the remaining damages, claiming the damage was the result of long-term deterioration, wear and tear, and failure to adequately maintain the property and make repairs, not hurricane force winds.

10.

The Policy sued upon provided property and business personal property coverage between the period of February 1, 2020 and February 1, 2021.

11.

Plaintiff has faithfully paid the policy premiums to Defendant to specifically provide coverage in the event of property damage, business personal property losses and extra expenses caused by a hurricane.

2

12.

Despite receiving satisfactory proof of loss, STARR has failed to pay Plaintiff's claim within the time limits provided by LA R.S. 22:1973 and LA R.S. 22:1892 for its losses covered by its Policy.

13.

Defendant's denial of Plaintiff's claim and failure to make an appropriate unconditional tender despite having received sufficient proof of loss is in bad faith, arbitrary, capricious and without probable cause.

14.

Accordingly, STARR is liable unto Plaintiff as follows;

   a) Failing to timely initiate a loss adjustment in violation of La. R.S. § 22:1892;

   b) Failing to make a written offer to settle Plaintiff's claims within thirty days after receipt of satisfactory proofs of loss of the claim, in violation of La. R.S. § 22:1892;

   c) Misrepresenting pertinent facts relating to coverages at issue, in violation of La. R.S. §§ 22:1973 and 22:1892;

   d) Failing to pay the amount of a claim due within an appropriate time after receipt of satisfactory proof of loss arbirarily, capriciously, or without probable cause, in violation of La. R.S. §§ 22:1973 and 22:1892;

   e) Breach of contract; and

   f) Any other bad faith or breach of contract that may be proven at a trial.

15.

As a result, Defendant is answerable to the Plaintiff for the following damages:

   a) Damages to building;

   b) Damages to business personal property;

   c) Bad faith damages;

   d) Reasonable attorney's fees and costs;

   e) Past and present mental anguish and emotional distress; and

3

f)  All other damages as may be shown at the trial of this matter.

**WHEREFORE**, Plaintiff, THE BULLDOG, INC., prays that Defendant, STARR SURPLUS LINES INSURANCE COMPANY, be served with process of this Petition for Damages and duly cited to answer same, that after all delays and due proceedings are complete there be judgment in favor of Plaintiff and against Defendant for the full amount of Plaintiff's damages, plus legal interest from the date of judicial demand until paid, bad faith damages, together with attorney's fees, all costs incurred in this matter, and any other general or equitable relief the Court deems proper.

Respectfully submitted,

DAVID P. VICKNAIR, #34135
HOPE E. HUGHES, #35833
Scott Vicknair, LLC
909 Poydras St., Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
hughes@svlaw.law

*Attorneys for Plaintiff*

***Email addresses for service:***
service@svlaw.law and hughes@svlaw.law

**PLEASE SERVE:**

STARR SURPLUS LINES INSURANCE COMPANY
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-10056                                    DIVISION: "11"

THE BULLDOG, INC.

versus

STARR SURPLUS LINES INSURANCE COMPANY

FILED: _____   _____
                                          **DEPUTY CLERK**

## REQUESTS FOR ADMISSION

TO:     **THE BULLDOG, INC.**
        Through their attorneys of record:
        David P. Vicknair
        Hope E. Hughes
        Scott Vicknair, LLC
        909 Poydras Street, Suite 2025
        New Orleans, LA 70112

        NOW COMES, through undersigned counsel, defendant, Starr Surplus Lines Insurance

Company (hereinafter "Starr"), who requests that Plaintiff, The Bulldog, Inc., answer the following

Requests for Admission in accordance with the Louisiana Code of Civil Procedure within the

delays provided for therein.

## REQUEST FOR ADMISSION NO. 1

        Admit or deny that the amount of your cause of action (or causes of action, if more than

one) against Starr in your Petition for Damages filed on or about October 28, 2022, exceeds

seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## REQUEST FOR ADMISSION NO. 2

        Admit or deny that the total amount in controversy in this case exceeds the sum or value

of seventy-five thousand dollars ($75,000.00), inclusive of all actual damages, exemplary

damages, statutory penalties and attorney's fees, exclusive of costs and judicial interest.

STATE COURT PLEADINGS EXHIBIT 1 APAGE 27

FILED
2023 JUN 12  P 03:22
CIVIL
DISTRICT COURT

*These Requests for Admissions are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed.*

Respectfully submitted,

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**EMILY S. MORRISON (#18351)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-8900
Facsimile: (866) 920-3403
cchassaignac@phjlaw.com
emorrison@phjlaw.com
**ATTORNEYS FOR STARR SURPLUS LINES INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by electronic filing, electronic means, hand delivery, or by mailing same by United States Mail, properly addressed and first class postage prepaid, on February 2, 2023.

CHARLES L. CHASSAIGNAC, IV

FILED
2023 JUN 12 P 03:22
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-10056                                        DIVISION: "11"

THE BULLDOG, INC.

versus

STARR SURPLUS LINES INSURANCE COMPANY

FILED: _____          _____
                                                     DEPUTY CLERK

## ANWERS TO REQUESTS FOR ADMISSION

TO:    **STARR SURPLUS LINES INSURANCE COMPANY**
       *Through its attorneys of record:*
       **Charles L. Chassaignac, IV**
       **Emily S. Morrison**
       Porteous, Hainkel & Johnson, L.L.P.
       301 St. Charles Street
       Baton Rouge, LA 70802

       **NOW COMES**, through undersigned counsel, Plaintiff, THE BULLDOG, INC., who

responds to the Requests for Admission propounded by Defendant, STARR SURPLUS LINES

INSURANCE COMPANY, as follows:

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

       Admit or deny that the amount of your cause of action (or causes of action, if more than

one) against Starr in your Petition for Damages filed on or about October 28, 2022, exceeds

seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

### ANSWER TO REQUEST FOR ADMISSION NO. 1:

       **Plaintiff objects to this Request for Admission No. 1 as speculative and to the extent**

**it seeks an opinion that it is not qualified to give. It is up to the trier of fact to determine the**

**value of the case, special damages, and general damages. Plaintiff further objects to this**

**Request for Admission No. 1 as premature. Discovery is ongoing and Plaintiff's damages are**

**not capable of being itemized in full at this time. Subject to and without waiving the foregoing**

**objections, denied as written.**

STATE COURT PLEADINGS EXHIBIT A PAGE 29

**REQUEST FOR ADMISSION NO. 2**

Admit or deny that the total amount in controversy in this case exceeds the sum or value of seventy-five thousand dollars ($75,000.00), inclusive of all actual damages, exemplary damages, statutory penalties and attorney's fees, exclusive of costs and judicial interest.

**ANSWER TO REQUEST FOR ADMISSION NO. 2:**

**Plaintiff objects to this Request for Admission No. 2 as speculative and to the extent it seeks an opinion that it is not qualified to give. It is up to the trier of fact to determine the value of the case, special damages, and general damages. Plaintiff further objects to this Request for Admission No. 2 as premature. Discovery is ongoing and Plaintiff's damages are not capable of being itemized in full at this time. Subject to and without waiving the foregoing objections, denied as written.**

Respectfully submitted,

**SCOTT | VICKNAIR, LLC**

DAVID P. VICKNAIR, #34135
HOPE E. HUGHES, #35833
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
hughes@svlaw.law
*Attorneys for Plaintiffs*

***Emails for service:***
service@svlaw.law & hughes@svlaw.law

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to counsel of record by facsimile, first class mail, hand delivery, and/or electronic mail on this 3rd day of March, 2023.

HOPE E. HUGHES

**FILED**

2023 JUN 12  P 03:22

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-10056

DIVISION: "G"
SECTION 11

THE BULLDOG, INC.

versus

STARR SURPLUS LINES INSURANCE COMPANY

FILED: _____   _____

DEPUTY CLERK

## RULE TO SHOW CAUSE

IT IS HEREBY ORDERED that Plaintiff, The Bulldog, Inc., be ordered to show cause on the 14th day of July, 2023, at 9:00 A.m., why it should not be compelled to provide full, complete responses to the Requests for Admission propounded by Starr Surplus Lines Insurance Company, and further why it should not be ordered to pay reasonable attorneys' fees and expenses incurred in the bringing of this rule.

NEW ORLEANS, LOUISIANA, this _____ day of ___JUN 1 5 2023___, 2023.

(Sgd.) Richard G. Perque
Judge Pro Tempore - Division '

_____
JUDGE RICHARD PERQUE
CIVIL DISTRICT COURT
PARISH OF ORLEANS DIVISION G

PLEASE SERVE:
Motion, Memorandum and Exhibits on

**Plaintiff The Bulldog, Inc.,**
Through counsel of record
David P. Vicknair
Hope E. Hughes
Scott Vicknair, LLC
909 Poydras Street, Stuie 2025
New Orleans, LA 70112
(504) 500-1111

A TRUE COPY

DEPUTY CLERK - MINUTE CLERK
CLERK OF CIVIL DISTRICT COURT
PARISH OF ORLEANS, STATE OF LA

DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO
REQUESTS FOR ADMISSION                                                                    4

E-Filed